### AHLBERG v. AHLBERG.

(Superior Court of New York City, Equity Term. June, 1893.)

MARRIAGE—PRESUMPTION—COHABITATION.
    A marriage will not be presumed from the mere fact that the parties live together, where their relations were meretricious in their inception.[1]

Action by Caroline Ahlberg against Magnus Ahlberg for separation and alimony. Judgment for defendant.

A. P. Wagener, for plaintiff.
D. Mathewison, for defendant.

McADAM, J. A contract of present marriage alone, without form of ceremony superadded, constitutes marriage. Bish. Mar. & Div. § 19. It is a civil contract, to the validity of which the consent of parties able to contract is all that is required by natural or public law. 2 Greenl. Ev. § 460. The parties must intend, and the agreement (whether oral or in writing) must evidence, marriage. If the parties agree eo instanti to take each other for husband

---

[1] As to what constitutes a marriage, see Fagan v. Fagan, (Sup.) 11 N. Y. Supp. 748, and note.

and wife, it is ipsum matrimonium. Cheney v. Arnold, 15 N. Y., at page 348. The acts of the parties show that they did not intend marriage. They met on the street, strangers, and went to a so-called "furnished-room house." They passed under different names, and in her correspondence with him she used her name, not his. Their relations were evidently meretricious from the beginning, and the fact that they lived together in illicit intercourse is wholly insufficient to raise a presumption of marriage. Rose v. Clark, 8 Paige, 574; Clayton v. Wardell, 4 N. Y. 230. The unfortunate position of the plaintiff is to be regretted, but, where parties seriously contemplate marriage, there is no trouble in a large city like New York to find some clergyman, judge, alderman, or other official willing to officiate. If this is not to the liking of the parties, and they prefer a common-law contract, they should take care either to reduce their agreement to writing or induce willing friends to witness the obligation. All these safeguards were disregarded, and the parties must abide the consequences. Upon the entire case, there must be judgment for the defendant.